## UNITED DISTRICT COURT

## IN THE EASTERN DISTRICT OF MICHIGAN

United States of America,

        Plaintiff,

v.

Terry Pruitt

        Defendant.

_____/

Case No. 17-20183-04

Hon. Mark A. Goldsmith

## MOTION TO ADJOURN ALL DATES IN SCHEDULING ORDER

NOW COMES Defendant Terry Pruitt, by and through counsel. S. Allen Early, and hereby moves to adjourn all dates in the Court's Scheduling Order, dated April 26, 2017. In support hereof, Defendant states as follows:

1. Defendant is charged in five counts of a nine count indictment with sex trafficking conspiracy (Count One); conspiring to distribute controlled substances (Count Four); distribution of a controlled substance resulting in serious bodily injury (Count Six); distribution of a controlled substance resulting in death (Count Seven); and maintaining a drug involved premises (Count Eight).  Counts Six and Seven each carry a mandatory minimum sentence of 20 years in prison and Count Four carries a mandatory minimum of 10 years in prison.

2. Upon information and belief there are 1450 hours of videotape recorded at the Victory Inn Motel plus additional videotape evidence from a government installed pole camera at the Victory Inn Motel, the site of the crimes alleged in the Indictment.

3. It would take one person five years to view the 1450 hours of videotape if viewed for eight hours every day of the year.

4. As a result of the voluminous discovery, each counsel in this case is going to have to hire an individual to view videotapes and in addition each counsel is going to have to spend substantial hours viewing videotapes.

5. The videotapes are central to the case because they show activity in the outside hallways of the motel, activity in entering and exiting rooms for the outside hallway; activity in the parking lot and reception office, and activity outside the front door of the reception office. All of the foregoing activity is relevant to the charges in the case against Defendant Pruitt (as well as other defendants).

6. Withal, counsel cannot frame the issues in this case that might be the subject of a motion, view the videotapes, prepare for trial or advise the client regarding the propriety of a plea by the dates set forth in this Court's Scheduling Order.

7.     Counsel does respectfully request that the Court set a scheduling conference with counsel so that the Court can discuss with counsel a viable motion cut off and other dates.

8.     Pursuant to local Rule, counsel has spoken with AUSA Jerome Gorgon who agrees that the scheduled dates must be adjourned (with appropriate speedy trial waivers) and also agrees that a scheduling conference should be set in this matter.

WHEREFORE, Defendant does request that the Court grant this Motion.

Respectfully submitted,

LAW OFFICES OF S. ALLEN EARLY

/s/ *S. Allen Early*
S. Allen Early (P13077)
Attorney for Defendant
65 Cadillac Square, Suite 2810
Detroit, Michigan 48226
(313) 962-2320 – office
(313) 962-2341 – fax
sallenearly@sallenearly.comcastbiz.net

Date:  May 1, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017, I electronically served the foregoing **MOTION TO ADJOURN ALL DATES IN SCHEDULING ORDER** using the ECF system.

/s/ *S. Allen Early*

Dated:  May 1, 2017

3