UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-4 TERRY PRUITT,

        Defendant.

_____/

Case No. 17-CR-20183-04

Hon. Mark A. Goldsmith

## MOTION TO SEVER

NOW COMES Defendant Terry Pruitt, by and through counsel, S. Allen Early, and hereby moves, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, to sever his case and grant him a separate trial in this matter and, alternatively, (1) to order pursuant to Rule 14(b), the government to disclose any co-defendant statements that it intends to use in its case in chief, and (2) describe the grounds of admissibility for each such statement, so that Mr. Pruitt may have an opportunity to renew his motion to sever, if necessary, with specific objections. Defendant hereby incorporates the attached Brief in Support into this Motion.

Pursuant to Local Rule counsel has conferred with AUSA Gorgon and concurrence has been denied.

        Respectfully submitted,

        LAW OFFICES OF S. ALLEN EARLY

        /s/ S. Allen Early
        S. Allen Early (P13077)
        Attorney for Defendant
        607 Shelby Street, Suite 425
        Detroit, Michigan 48226
        (313) 962-2320 – office
        (313) 962-2341 (fax)
        sallenearly@sallenearly.comcastbiz.net

Date:  November 13, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 17-CR-20183-04

D-4 TERRY PRUITT,              Hon. Mark A. Goldsmith

        Defendant.

_____/

**BRIEF IN SUPPORT OF**
**MOTION TO SEVER**

INTRODUCTION

Defendant Terry Pruitt is charged in the Superceding Indictment filed August 23, 2017, with Count 2, sex trafficking by force conspiracy in violation of 18 U.S.C. § 1594(c); Count 9, sex trafficking by force on AV7, aiding and abetting, in violation of 18 U.S.C. § 1591(a), (b) and 18 U.S.C. § 2; Count 10, sex trafficking by force on AV8, aiding and abetting, in violation of 18 U.S.C. § 1591(a), (b) and 18 U.S.C. § 2; Count 12, conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), 841(b)(1)(C); Count 15, distribution of a controlled substance resulting in serious bodily injury in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); Count 17, distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1), 841 (b)(1)(C);

Count 18, maintaining drug involved premises in violation of 21 U.S.C. § 856(a)(1).

The Victory Inn Motel ("Motel") contains many different rooms and these rooms did contain many different stories and life situations. These life situations were not homogenous or grouped together into a conspiracy as to Terry Pruitt.

Mr. Pruitt, for example, was a drug dealer who rented a room at the Motel to sell drugs. He operated in isolation and in competition with various other co-defendants who were grouped into a conspiracy, and did not participate in the drug conspiracy described in Count 12. Nor did Pruitt distribute drugs to coerce sex acts or aid and abet a conspiracy. In order to present this antagonistic defense at trial, Mr. Pruitt's defense will have to point the finger at various co-defendants.

Mr. Pruitt did not engage in sex trafficking at the Motel, only drugs. He did, however, observe various co-defendants engage in sex trafficking while he was at the Motel. In order to present this antagonistic defense at trial, Mr. Pruitt's defense will have to point the finger at various co-defendants.

Mr. Pruitt did not distribute a drug resulting in serious bodily injury or death. The defense expects that there may be antagonistic defense in regard to Counts 15 and 17.

LEGAL ANALYSIS

Rule 14 of the Federal Rules of Criminal Procedure states that:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
> (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for an in camera inspection any defendant's statement that the government intends to use as evidence.

The question of severance is left to the sound discretion of the trial court. United States v. Gallo, 763 F.2d 1504 (6th Cir. 1985). Generally, courts prefer joinder of defendants charged with participating in the same act or series of acts because it is more efficient than conducting separate trials. United States v. Gibbs, 182 F.3d 408 (6th Cir. 1999). United States v. Stull, 743 F.2d 439 (6th Cir. 1984). The trial court must balance the risk of prejudice to the Defendant against the interest of judicial economy and efficiency. United States v. Scaife, 749 F.2d 338 (6th Cir. 1984).

    1.    Prejudice From Group Trial

Defendant contends that a joint trial will prevent the jury "from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). In this regard, Defendant Pruitt joins the prejudice argument set forth

3

in co-defendant Harold Nero's Motion to Sever.  In addition, the antagonistic defenses in this case will mislead and confuse the jury due to the close proximity of people at the Motel.  Defendant Pruitt submits that the time required for separate trials will not be substantially greater than time for a joint trial.  Jury confusion will be very severe in this case due to the various conspiracies alleged in different counts of the indictment.  Unlike a trial with one conspiracy allegation, the jury will have various conspiracy allegations and facts related to various conspiracy allegations to consider in this case.  The three conspiracies alleged in Counts 1, 2, 12 contain different alleged members and alleged different objectives.  All the cross-referencing of facts and conspiracies will be confusing and, moreover, the antagonistic defense will add more confusion.  The prejudice will be severe and allow for confusion and improper transfer of guilt from one defendant to another.

2. Statements of Non-Testifying Defendants

Moreover, severance should be granted where the statements of non-testifying co-defendants, which would inculpate Defendant but not be admissible against him, will be offered into evidence at a joint trial.  Such statements provide specific and compelling prejudice to warrant a severance.  United States v. Avery, 760 F.2d 1219 (11th Cir. 1985).  It is anticipated that the government may attempt to introduce statements of some of the co-defendants made to the government or other persons that were not made by a co-conspirator of Defendant during and in

4

furtherance of the alleged conspiracy and, therefore, would not be admissible against Defendant. If such statements are admitted into evidence and the co-defendants choose not to testify, Defendant's right to confront and cross-examine the witnesses against him secured by the Sixth Amendment to the United States Constitution would be violated. Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004); Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Defendant will be substantially prejudiced by a joint trial, and his motion for severance should be granted. United States v. Wirsing, 719 F.2d 859 (6th Cir. 1983).

Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution the right to be confronted with the witnesses against him. Davis v. Alaska, 415 U.S. 309, 315-316 (1974). The right of an accused to confront the witnesses against him is so fundamental to a fair trial that it is made obligatory on the States through the Fourteenth Amendment to the United States Constitution. Pointer v. Texas, 380 U.S. 400, 403 (1965). The constitutional right of confrontation includes the right to test the credibility of prosecution witnesses through cross-examination. Douglas v. Alabama, 380 U.S. 415 (1965); Stevens v. Bordenkircher, 746 F.2d 342, 346 (6th Circ. 1984). The right of an accused to cross-examine the witnesses against him is an essential and fundamental requirement for a fair trial. *Id.* at 346.

In United States v. Bruton, 391 U.S. 123 (1968), the United States Supreme Court held that the admission of the statement of a non-testifying co-defendant inculpating the defendant violated the defendant's Sixth Amendment right to confront and cross-examine the witnesses against him. In reversing the conviction, the Court held that the trial court's clear and unambiguous instruction to the jury that they should not consider the statement as evidence against the defendant was for all practical purposes worthless:

> Here the introduction of Evans' confession posed a substantial threat to petitioner's right to confront the witnesses against him, and this is a hazard we cannot ignore. Despite the concededly clear instructions to the jury to disregard Evans' inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination. The effect is the same as if there had been no instruction at all. Id. at 137.

In Crawford v. Washington, 541 U.S. 36 (2004) the United States Supreme Court set forth circumstances under which a defendant would have an absolute right under the Sixth Amendment to the United States Constitution to confront and cross-examine the witnesses against him. The Court noted that the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure utilized in English law, particularly the use of *ex-parte* examinations as evidence against the accused. *Id.* at 50. The Court rejected the labyrinth of exceptions to the confrontation clause that had evolved over time (the firmly

6

rooted hearsay exception or the particularized guarantees of trustworthiness) and laid down an ironclad rule of constitutional law:

> Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation. *Id.* at 68-69.

Under Crawford, the only relevant question is whether the statement to be admitted against a defendant is testimonial. If the statement is deemed testimonial, than the defendant has an absolute right to confront and cross-examine the maker of the statement. And the Court in Crawford left no doubt that statements taken by police officers in the course of interrogations are testimonial. *Id.* at 52. In the case at bar, the admission of statements of co-defendants that were not made in furtherance of the alleged conspiracy would violate Defendant's right to confront and cross-examine the witnesses against him.

    3.    <u>Alternative Request to Disclose Co-Defendant Statements</u>

Alternatively, pursuant to Rule 14(b), Federal Rules of Criminal Procedure, this Court may order the government to disclose any co-defendant statements that it intends to use in its case-in-chief, and to note the grounds of admissibility on which each such statement is offered.[1] This would enable Mr. Pruitt to offer

---

[1] A court may also exclude a co-defendant's statement or order redaction to "avoid mention or obvious implication of the non-confessing defendant." Stanford v. Parker, 266 F.3d 442, 456 (6th Cir. 2000). Should this Court conclude that severance would be premature, ordering disclosure of any co-defendant statements that the government intends to use would aid the Court in determining whether such statements should be excluded or redacted. As discussed below, Mr. Pruitt respectfully moves in the alternative for such an order.

7

specific objections and would aid the Court in determining whether exclusion or redaction is appropriate.  Several district courts, in the Sixth Circuit as well as in other circuits, have followed this approach in situations where the government has not indicated whether it intends to use co-defendant statements, or where it has otherwise not provided the information necessary for the defendant to raise specific objections under Bruton.  *See, e.g.,* United States v. Bozeman, No. 3:11-CR-129, 2012 WL 1071207, at *6 (E.D. Tenn. Mar. 29, 2012) (ordering disclosure of co-conspirator statements where defendants "did not have the facts necessary to determine whether a Bruton problem exists because the Government ha[d] not disclosed" such statements); United States v. Bazezew, 783 F. Supp. 2d 160, 163-65 & n.7 (D.D.C. 2011) (ordering disclosure of co-defendant statements under Fed. R. Crim. P. 14(b) and noting that it "will be easier to decide the Bruton motion to exclude any out-of-court statements made by co-defendants after these statements . . . are disclosed and reviewed"); United States v. Valdez, No. B-06-477-05, 2006 WL 2091006, at *2 (S.D. Tex. July 25, 20106) (noting that court had "already ordered the Government to submit any confessions or statements of the Defendants which may be introduced at trial" and affirming that "when the Government complies with that Order, the Court will determine the proper disposition of those statements.").

Such an approach is not inconsistent with this Court's decision in United States v. Toufaili, No. 10-CR-20705, 2011 WL 795859, at *2 (E.D. Mich. Mar. 1, 2011) (Cleland, J.). In Toufaili, this Court denied a defendant's motion for disclosure of co-defendant statements *without prejudice* where the government had already provided "post-arrest statements of any co-defendant who ha[d] implicated [the defendant] in any actions involving the charged conduct." *Id.* In light of this disclosure, as well as the government's representation that it would work with the defendant to reach an agreement as to a "properly redacted statement," this Court decided to "allow counsel to work cooperatively in an attempt to solve the Bruton [problem]." *Id.* Here, the government has not provided Mr. Pruitt with co-defendant statements, nor has it represented its intention to redact any such statements that implicate Mr. Pruitt. Indeed, it has not even acknowledged whether any such statements exist. An order by the Court is thus appropriate in this case.

Moreover, the court in Bazezew found that this approach was warranted under Rule 14(b), which provides that a court may, before ruling on a severance motion, "order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." In invoking Rule 14(b), the Court in Bazezew further held that "[u]nless the government proffers a good reason not to do so, it also shall provide the statements to defendants' counsel." 783 F. Supp. 2d at 165. Here, there is no

9

reason for the government to withhold co-defendant statements, or the grounds of admissibility on which the government intends to offer them. On the contrary, such information would enable Mr. Pruitt to raise specific objections under <u>Bruton</u>. Moreover, it would aid this Court in determining whether the <u>Bruton</u> problem in this case can be alleviated only by severance, or whether exclusion or redaction of co-defendant statements would be appropriate.

## CONCLUSION

Terry Pruitt, by and through his undersigned attorney, respectfully asks this Court to sever his trial, or, in the alternative, order the government to disclose any co-defendant statements that it intends to use in its case-in-chief, and describe the grounds of admissibility for each such statement.

Respectfully submitted,

LAW OFFICES OF S. ALLEN EARLY

/s/ S. Allen Early
S. Allen Early (P13077)
Attorney for Defendant
607 Shelby Street, Suite 425
Detroit, Michigan 48226
(313) 962-2320 – office
(313) 962-2341 – fax
<u>sallenearly@sallenearly.comcastbiz.net</u>

Date: <u>November 13, 2018</u>

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2018, I electronically served the foregoing **MOTION TO SEVER** and **BRIEF IN SUPPORT OF MOTION TO SEVER** using the ECF system which will send notification of such filing to all counsel of record.

/s/ *S. Allen Early* (P13077)

Dated: <u>November 13, 2018</u>

10