UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

v.                                        Case No. 17-cr-20183
                                         Hon. Mark A. Goldsmith

DARRICK DERNARD BELL, et al.

        Defendants.
_____/

## OPINION & ORDER
## DENYING DEFENDANT TERRY PRUITT'S MOTIONS TO STRIKE SURPLUSAGE (Dkt. 236), AND MOTION TO STRIKE DUPLICITOUS LANGUAGE (Dkt. 238)

This criminal case involves multiple defendants, all of whom were indicted by a grand jury on charges stemming from their alleged roles in a large human trafficking and drug distribution conspiracy at the Victory Inn Hotel on Michigan Avenue in Detroit, Michigan. Defendant Terry Pruitt believes that Count 12 of the superseding indictment is defective. He has filed two motions seeking to strike portions of Count 12. In his first motion, Pruitt seeks to strike irrelevant and prejudicial allegations (Dkt. 236).[1] In his second motion, he says that Count 12 charges two separate offenses and moves the Court to strike the duplicitous language (Dkt. 238).[2] The Government has filed responses to both motions (Dkts. 238, 264, respectively). No reply briefs were filed. Because the Court finds that Count 12 is charged properly, the Court denies both motions.

---

[1] Defendants Harold Lashawn Nero and Charles Thomas Ford, Jr. join this motion (Dkts. 249, 252, respectively). However, it is not clear in what respect they are joining the motion, because neither of them is named in Count 12.

[2] Defendants Janette Gaggo Tawfik and Nero join this motion (Dkts. 243, 249, respectively). It is not clear why Nero joined this motion, because he is not charged in Count 12.

1

# I. BACKGROUND

Count 12 alleges that Defendants Pruitt and Tawfik were part of a drug trafficking conspiracy. Superseding Indictment at 17. The Count is broken into two sections: the charging section and the "Manner and Means" section. There is no dispute that the charging section of Count 12 alleges a conspiracy to distribute a controlled substance offense. What is in dispute is whether certain paragraphs under the Manner-and-Means portion of Count 12 are appropriate. The Manner-and-Means portion alleges the following:

1. It was part of the conspiracy that Defendants Janette Gaggo Tawfik, [sic] and, [sic] Terry Pruitt, and others known and unknown to the Grand Jury, established a drug trafficking organization that distributed quantities of cocaine base, and heroin. Defendant Terry Pruitt acted as leader, manager, and supervisor of the organization. Others known and unknown to the Grand Jury, acted in various capacities, including distribution and protection of illegal narcotics. Defendant Janette Gaggo Tawfik made rooms available at the the [sic] Victory Inn hotel (the "Victory Inn") located at 9430 Michigan Avenue, Detroit, Michigan, for Pruitt and others to distribute and use the illegal narcotics in exchange for payments.

2. It was part of the conspiracy that Defendants held meetings at the Victory Inn to coordinate their illegal narcotic and other activities at the Victory Inn. Defendants delivered cocaine, cocaine base, and heroin to the Victory Inn. Defendants managed and controlled, including as occupants, and rented, leased, and profited from, and made available for use, rooms at the Victory Inn to conduct their organized narcotic distribution activities. Defendants possessed with the intent to distribute and distributed high volumes of cocaine base and heroin to customers, and allowed customers to use those illegal narcotics within various rooms at the Victory Inn.

3. It was part of the conspiracy that Defendants distributed illegal narcotics to human trafficking victims at the Victory Inn to control and coerce those victims into committing commercial sex acts at the Victory Inn and other nearby locations.

4. It was part of the conspiracy that Defendants used internal hotel video surveillance and human lookouts at the Victory Inn to monitor the organized narcotic distribution activities at the Victory Inn.

5. It was part of the conspiracy that Defendants possessed, used, and carried firearms to further their illegal activities at the Victory Inn.

Id. at 17-18.

## II. STANDARDS OF DECISION

The indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Under Federal Rule of Criminal Procedure 7(d), "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). Rule 7(d) is "properly invoked when an indictment contains nonessential allegations that could prejudicially impress the jurors." United States v. Kemper, 503 F.2d 327, 329 (6th Cir. 1974). Because this rule is "strictly construed against striking surplusage," Kemper, 503 F.2d at 329, a motion to strike surplusage is disfavored and should only be granted if it is clear the language in the indictment is both irrelevant and prejudicial, United States v. Neller, 229 F.3d 1154, at *2 (6th Cir. 2000) (Table) (per curiam). However, "'if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).'" United States v. Moss, 9 F.3d 543, 550 (6th Cir. 1993) (quoting United States v. Thomas, 875 F.2d 559, 562 (6th Cir. 1989)).

## III. DISCUSSION

### A. Pruitt's motion to strike surplusage from the superseding indictment (Dkt. 236)

Pruitt argues that the Government improperly alleges aggravating sentencing factors in Count 12 of the superseding indictment. Count 12 alleges that Pruitt engaged in a conspiracy to distribute a controlled substance. See Superseding Indictment at 17 (citing 21 U.S.C. §§ 841, 846). He argues that the sentencing factors are irrelevant information and should be stricken as prejudicial surplusage. Pruitt Mot. at 1.

3

As noted above, Count 12 contains the following phrases under the Manner-and-Means section:

> Defendant Terry Pruitt acted as leader, manager and supervisor of the [drug] organization.
>
> . . .
>
> It was part of the conspiracy that Defendants possessed, used, and carried firearms to further their illegal activities at the Victory Inn.

Superseding Indictment at 17-18.

Pruitt argues that because the above language referring to his role in the drug conspiracy and the use and possession of firearms parallels the language of certain federal sentencing guideline enhancements, see U.S.S.G. §§ 3B1.1 (aggravating role), 2D1.1(b)(1) (possession of dangerous weapon), such language is improper surplusage. The Government argues that because the language is relevant to Pruitt's charged crimes, it should not be stricken. Gov't Resp. at 1. The Government essentially concedes that the information is prejudicial by focusing exclusively on the information's relevance. Therefore, the only question before the Court is simply whether the information is relevant to the charge against Pruitt.

"To sustain a conviction for conspiracy under 21 U.S.C. § 846, the government must have proved: (1) an agreement to violate drug laws, in this case 21 U.S.C. § 841; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy." United States v. Deitz, 577 F.3d 672, 677 (6th Cir. 2009) (citation and quotation omitted). The Government intends to prove Pruitt acted as a leader of the drug conspiracy, which it argues tends to show that a conspiracy existed, and that Pruitt knowingly and intentionally joined the conspiracy. Gov't Resp. at 4. (citing United States v. Gotti, No. S802-CR-743, 2004 WL 2389755, at *4 (S.D.N.Y. Oct. 26, 2004)). With respect to the firearm, the Government argues that firearms are well-recognized tools of the

4

trade in drug transactions and that it will prove that Pruitt, and others, used firearms to control the Victory Inn location to advance the objectives of the drug conspiracy. Gov't Rep. at 5. The Government's argument is sound.

Both Pruitt's alleged leadership role in the conspiracy and alleged use of a firearm in furtherance of the conspiracy are relevant to Count 12. The Government is correct that evidence of Pruitt's alleged leadership role tends to prove the existence and structure of the charged conspiracy. See Gotti, 2004 WL 2389755, at *4 (finding same in a RICO conspiracy case). Furthermore, Pruitt's alleged leadership role tends to show his knowledge of the conspiracy and his intent to join the conspiracy. Pruitt's alleged use of firearms as a means to control the Victory Inn location is relevant both to the existence of the conspiracy and to his participation in the conspiracy. See United States v. Green, 62 F.3d 1418, at *3 (6th Cir. 1995) (Table) (per curiam) (finding firearm use relevant in RICO conspiracy case).

The primary case upon which Pruitt relies, United States v. Mutchler, 333 F. Supp. 2d 828 (S.D. Iowa 2004), is unpersuasive.[3] In Mutchler, a drug distribution conspiracy case, the district court struck four aggravating factors from the indictment that were closely modeled on sentencing factors. Id. at 829. The court found, among other things, that the sentencing factors were highly prejudicial to the defendants. Id. at 833-834. However, the Mutchler court applied a somewhat different legal standard than the one that binds this Court.

---

[3] Pruitt also cites United States v. Dottery, 353 F. Supp. 2d 894, 899 (E.D. Mich. 2005), to support his position. But Dottery did not answer the question of whether sentencing factor allegations in an indictment were improper. Instead, the court explained that Booker "rendered the addition of sentencing factors to the indictment unnecessary," and, out of an abundance of caution, dismissed the superseding indictment to avoid any "prejudice, real and imagined," and allowed the case to proceed on the original indictment (which did not contain sentencing factors). Therefore, Dottery does not support Pruitt's argument.

5

The Mutchler court relied on Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962), which instructs that a motion to strike surplusage from an indictment "should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." (emphasis added). However, in the Sixth Circuit, "'if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).'" Moss, 9 F.3d at 550 (quoting Thomas, 875 F.2d at 562). Based on Moss, one Sixth Circuit panel went so far as to say that "a prejudice determination is no part of the Fed. R. Crim. P. 7 analysis." Neller, 229 F.3d 1154, at *2. Here, unlike Mutchler, prejudice alone, no matter how prejudicial, is not enough to warrant striking language in an indictment. Therefore, Mutchler does not inform this Court's decision.[4]

Accordingly, because the Court finds that the allegations that Pruitt was a leader in the alleged conspiracy and that he possessed and used a firearm are relevant to Count 12, Pruitt's motion must be denied.

**B. Pruitt's motion to strike duplicitous language from Count 12 (Dkt. 238)**

Pruitt also argues that paragraph 3 of Count 12 should be struck because it is duplicitous. An indictment is duplicitous if it charges two or more distinct offenses within a single count.

---

[4] The Government also notes that other courts have disagreed with Mutchler's constitutional and jurisdictional analysis. Gov't Resp. at 9 (citing Gotti, 2004 WL 2389755, at *9 (analyzing and disagreeing with Mutchler opinion based on the distinction between sentencing factors passed by a legislature and those promulgated by the judiciary)). It is worth noting that Mutchler was decided after the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), but before United States v. Booker, 543 U.S. 220 (2005), both of which changed the legal landscape with respect to sentencing guidelines. Indeed, the Mutchler court noted that in light of Blakely, "the federal sentencing structure is built upon shifting sand." Mutchler, 333 F. Supp. 2d at 830. However, because there is a more straightforward way to distinguish the case, the Court does not need to wade into the constitutional and jurisdictional waters raised in Mutchler.

United States v. Campbell, 279 F.3d 392, 398 (6th Cir. 2002). The concern with a duplicitous count is that it collapses separate offenses into a single count thereby threatening the Sixth Amendment's guarantee of jury unanimity, because it may be unclear to which offense the jury is convicting. Id. To determine whether a count is duplicitous, a court must consider whether it charges separate offenses. "'[O]ffenses are separate if each requires proof of an additional fact that the other does not.'" United States v. Davis, 306 F.3d 398, 416 (6th Cir. 2002) (quoting 2 Wright & Miller, Federal Prac. & Proc. § 142, at 17 (3d ed. 1999)).

As noted above, Count 12 is broken into two sections: the charging section and the "Manner and Means" section. The parties do not dispute that the charging section of Count 12 alleges a conspiracy to distribute a controlled substance offense. What is in dispute is whether paragraph 3, under the Manner-and-Means portion of Count 12, also alleges a sex trafficking conspiracy. It does not.

Paragraph 3 says the following:

> It was part of the conspiracy that Defendants distributed illegal narcotics to human trafficking victims at the Victory Inn to control and coerce those victims into committing commercial sex acts at the Victory Inn and other nearby locations.

Superseding Indictment at 18. Fatal to Pruitt's motion is that the Government does not need to prove anything under the Manner-and-Means section of Count 12. Paragraph 3 simply provides an additional fact to explain the manner and means by which the alleged drug conspiracy was executed and explains one of the goals of the conspiracy. There is no question that a sex trafficking conspiracy requires the proof of at least one additional fact not required by a drug trafficking conspiracy, but that is simply not a concern with Count 12. Indeed, the Government has alleged the sex trafficking conspiracy against Pruitt, and others, in Count 2 of the superseding indictment. Accordingly, Pruitt's motion will be denied.

## IV. CONCLUSION

For the reasons stated above, Defendant Pruitt's motion to strike surplusage (Dkt. 236), and motion to strike duplicitous language (Dkt. 238) are denied.

SO ORDERED.

Dated: August 14, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2019.

s/Amanda Chubb  
Case Manager